## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

JUDY PAYTON, an Individual;

     Plaintiff,

v.

                              No._____
                                  JURY DEMANDED

STANFILL, INC., a Tennessee Corporation,
d/b/a Stanfill Sonics, formerly known as
Stanfill Enterprises, Inc.; JERRY STANFILL,
an Individual; BEVERLY STANFILL,
an Individual; and KENNY REED, an Individual.

     Defendants.

## Complaint

Plaintiff Judy Payton by and through counsel hereby sues Stanfill, Inc., Jerry Stanfill, Beverly Stanfill and Kenny Reed (collectively "Defendants") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., Section 610 of the Consolidated Omnibus Budget Reconciliation Act, as amended, 29 U.S.C. § 1161, *et seq.,* the Tennessee Human Rights Act, § 4-21-101, *et seq*., and for state common law claims.

### Parties

1.     Stanfill, Inc., d/b/a Stanfill Sonics, formerly known as Stanfill Enterprises, Inc. — a Tennessee For-Profit Corporation with its principal place of business located at 2811 N Highland Avenue, Jackson, Madison County, Tennessee 38305-1706

— owns and operates nineteen (19) Sonic Restaurant Franchises in Tennessee and Missouri. Stanfill, Inc. is engaged in an industry affecting commerce and during all times material to the cause of action has continuously employed more than fifteen (15) employees. Upon information and belief, a substantial portion of Stanfill, Inc.'s business is carried out at 2811 N Highland Avenue, Jackson, Madison County, Tennessee 38305-1706. Stanfill, Inc. is registered with the Tennessee Secretary of state and is authorized to do business in this state. Stanfill, Inc. may be served via its Registered Agent for Service of Process, Jerry Stanfill, 420 Upper Browns Church Road, Jackson, Tennessee 38305-9001.

2. Defendant Jerry Stanfill, upon information and belief, is an owner/principal of Stanfill, Inc., and has exercised operational control over Stanfill, Inc. during Plaintiff's employment. As an owner and operator of Stanfill, Inc., Defendant Jerry Stanfill acted for both himself and as an agent and employee of Stanfill, Inc. Upon information and belief, Jerry Stanfill is a resident of Madison County, Tennessee and may be served at 2811 N Highland Avenue, Jackson, Tennessee 38305-1706 or 420 Upper Browns Church Road, Jackson, Tennessee, 38305-9001.

3. Defendant Beverly Stanfill, upon information and belief, is an owner/principal of Stanfill, Inc., and has exercised operational control of Stanfill, Inc., during Plaintiff's employment. As an owner and operator of Stanfill, Inc., Defendant Beverly Stanfill acted for both herself and as an agent and employee of Stanfill, Inc. Upon information and belief, Beverly Stanfill is a resident of Madison

County, Tennessee and may be served at 2811 N Highland Avenue, Jackson, Tennessee 38305-1706.

4.   Defendant Kenny Reed is a male individual who is and was at all times relevant, employed by Defendant Stanfill, Inc. as an operations manager.   Upon information and belief, Kenny Reed is a resident of Madison County, Tennessee and may be served at 2811 N Highland Avenue, Jackson, Tennessee 38305-1706.

5.   Plaintiff Judy Payton is a female individual resident of Madison County, Tennessee, which is within the Western District of Tennessee, and was an office employee of Stanfill, Inc., Jerry Stanfill, and Beverly Stanfill from 1997 until November 5, 2012.

## Jurisdiction and Venue

6.   This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., and the Tennessee Human Rights Act, § 4-21-101, *et seq*.

7.   Counts I and II, below, are civil actions for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.  Accordingly, Counts I and II of this action present a federal question over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Counts I and II are also civil actions arising under an Act of Congress regulating commerce, over which this Court has jurisdiction pursuant to 28 U.S.C. § 1337.

8.   Count III, below, is a civil action for violation of Section 610 of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), as amended, 29 U.S.C. § 1161,

*et seq.* Accordingly, Count III of this action presents a federal question over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

9.    Counts IV through IX, below are claims for damages brought under the laws of the State of Tennessee that are so related to the federal-question claim in this action over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Accordingly, Counts IV through IX of this action fall within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

10.   Venue also lies in this Western District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendants conduct business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## Exhaustion of Remedies

11.   Prior to instituting this action, Plaintiff timely filed a charge of sexual harassment with the Equal Employment Opportunity Commission (and the Tennessee Human Rights Commission) pursuant to § 706(e) of Title VII, 42 U.S.C. § 2000(e-5)(e) and received a right to sue letter within ninety (90) days of filing this lawsuit.  A copy of Plaintiff's Notice of Right to Sue is attached as Exhibit A.

## Causes of Action

### Count I: Title VII claim against Stanfill, Inc. for Sexual Harassment

12.   Plaintiff incorporates paragraphs 1 thru 11 as fully set forth herein.

- 4 -

13.   This count is an action for damages against Stanfill, Inc. under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, for the sexual harassment of Plaintiff, its employee, by Kenny Reed, occurring during the course of her employment.

14.   At all relevant times, Stanfill, Inc. engaged in an industry affecting trade, traffic, commerce, transportation, transmission, or communication among several states.

15.   At all relevant times, Stanfill, Inc. had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current calendar year.

16.   Plaintiff was employed by Stanfill, Inc. beginning on or about July 8, 1997 to work out of the Jackson, Tennessee Office as an Administrative Assistant.

17.   Defendant Kenny Reed was an employee and agent of Stanfill, Inc. who worked out of the Jackson, Tennessee Office as the Operations Manager.

18.   Starting in the fall of 2011, Defendant Reed engaged in a pattern and practice of sexual harassment against Plaintiff, consisting primarily of verbally threatening and abusive comments, insults, physical abuse, intimidation, sexual slurs, derogatory names, and unwelcome suggestive comments. When Plaintiff would bring up the issue of sexual harassment with Defendant Beverly Stanfill, Ms. Stanfill would remark that when you are a single female, it is not all that bad because such males are just trying to show affection.

19.   The sexual harassment included an incident occurring in April of 2012, in which

Defendant Reed told the Plaintiff that "I want to stick a Hall's cough drop up your pussy and suck it out," to which Plaintiff expressed her opposition, distaste, and disgust. Defendant Beverly Stanfill was not regularly in her office during part of 2012 and when Plaintiff brought up the issue of sexual harassment with Defendant Jerry Stanfill, Mr. Stanfill would remark something to the effect that how do you know it is unwanted until you try it.

20.    The sexual harassment also included Defendant Reed making regular unwanted comments to Plaintiff about how it turned him on when she "wore her hair down," to which Plaintiff voiced her opposition, distaste, and disgust.

21.    The sexual harassment also included Defendant Reed making the comment to Plaintiff that he could only "have straight sex" with his wife, to which Plaintiff expressed her opposition, distaste, and displeasure.

22.    The sexual harassment also included Defendant Reed placing his arm around Plaintiff on multiple occasions while making sexual comments to her, even after Plaintiff repeatedly told Defendant Reed to stop making the contact and sexual commentary, to which she repeatedly expressed her opposition, distaste, and displeasure.

23.    The sexual harassment also included Defendant Reed showing Plaintiff a picture of a co-worker's vagina that was on his cell phone around July of 2012 in the presence of Defendant Jerry Stanfill and other male management members. Defendant Reed was showing the picture of the co-worker's vagina on his cell phone to some of those present. Plaintiff specifically told Reed that she did not

- 6 -

want to see the picture of the co-worker's vagina. Nonetheless, Defendant Reed stuck his phone with the picture on it in Plaintiff's face to which Plaintiff quickly pushed the phone away from her and expressed her opposition, distaste and disgust. Although Defendant Jerry Stanfill was present during the entire event, he took no disciplinary action against Defendant Reed. Instead, he laughed about the matter to Plaintiff's further embarrassment and humiliation.

24.    Right after the incident involving the photograph of the co-worker's vagina on Defendant Reed's cell phone, Plaintiff reported the incident to Defendant Beverly Stanfill. Ms. Stanfill said she was aware of the incident and had personally seen the photo of the co-worker's vagina on Defendant Reed's cell phone and, the fact that Defendant Reed had sent the picture to other employees. However, she stated there was nothing she could do about it.

25.    Beverly Stanfill's response to this incident was similar to an earlier incident in which another manager, David Williams, had reached from behind Plaintiff and grabbed Plaintiff's crotch.  In response to Plaintiff's complaint to Beverly Stanfill about the incident, she stated that if you are unmarried you shouldn't be concerned about such behavior because such males "are just trying to show affection."

26.    The sexual harassment of Plaintiff occurred in other forms and on other occasions, forming a severe, pervasive, and repetitive pattern of vulgar, profane, and threatening verbal and physical abuse of a sexual nature.

27.    This sexual harassment of Plaintiff was unwelcome and unsolicited by Plaintiff.

Plaintiff repeatedly objected and protested to Defendant Reed, Jerry Stanfill, Beverly Stanfill and other management members about these unwelcome and unsolicited harassing comments and actions.  The continued sexual harassment created an intimidating, hostile, uncomfortable, and offensive working environment for Plaintiff, and had the effect of unreasonably interfering with her work performance and private life.  Specifically, it caused her to suffer, among other things, stress, headaches, sleep loss, depression, anxiety, irritability, and relationship problems.

28. After reporting the unwanted and unsolicited incidents of sexual harassment to Defendant Jerry Stanfill on several occasions, Mr. Stanfill replied to Plaintiff, "how do you know it's unwanted unless you attempt it."

29. After reporting the unwanted and unsolicited incidents of sexual harassment to Defendants Jerry and Beverly Stanfill, no corrective or preventative actions were ever taken against Defendant Reed. Instead, Plaintiff was scolded and eventually terminated for reporting and complaining about Defendant's Reed sexual harassment toward her.

30. Upon information and belief, Defendants Jerry and Beverly Stanfill had received similar complaints from other female employees about sexual harassment behaviors by Defendant Reed.

31. The allegations made by other employees to Defendant Jerry and Beverly Stanfill about Defendant Reed's sexual harassment behaviors was notice to them of Defendant Reed's pattern and practice of sexual harassment.

32. However, either maliciously or with a reckless indifference to the rights of Plaintiff to be free from a sexually hostile work environment, Jerry and Beverly Stanfill failed to follow their own written employee handbook policies to ensure a safe and harassment-free work environment.

33. Additionally, when Jerry and Beverly Stanfill were advised by Plaintiff that she was being sexually harassed by Defendant Reed, they did nothing to stop the harassment.

34. As a direct and proximate result of the sexual harassment complained of above, Plaintiff has suffered extreme mental anguish, outrage, humiliation, embarrassment, loss of enjoyment of life, loss of earning capacity, loss of benefits, and other damages.

35. The Defendants are directly or vicariously liable for the sexual harassment of Plaintiff by Defendant Reed.

36. On November 19, 2012, Plaintiff filed a formal charge of unlawful employment practices with the Equal Employment Opportunity Commission (EEOC), and the Tennessee Human Rights Commission, and ultimately received from the EEOC a Notice of Right to Sue, dated June 19, 2013.

### Count II: Title VII claim against Stanfill, Inc. for Retaliation

37. Plaintiff incorporates paragraphs 1 thru 36 as fully set forth herein.

38. This count is an action for damages against Stanfill, Inc. under Title VII, 42 U.S.C. § 2000e-3(a), for retaliation against Plaintiff for reporting and complaining to Stanfill, Inc., Jerry Stanfill and Beverly Stanfill about the

unlawful sexual harassment.

39.   Plaintiff engaged in a protected activity by reporting and complaining to Stanfill, Inc., Jerry Stanfill, and Beverly Stanfill about unlawful sexual harassment.

40.   Plaintiff suffered discriminatory adverse employment actions following the making of the reports and complaints.

41.   Plaintiff complained of the unwanted and unsolicited sexual harassment directly to Defendants Jerry Stanfill and Beverly Stanfill during the weeks leading up to her termination.

42.   Approximately one week prior to her termination on November 5, 2012, Plaintiff met with Defendants Jerry and Beverly Stanfill and conveyed to them that Defendant Reed had made multiple inappropriate sexual comments to her. Defendants Jerry and Beverly Stanfill never inquired about the multiple inappropriate sexual comments Kenny Reed had made to her, which comments would have included Kenny Reed's remark that he wanted to stick a Hall's cough drop up her pussy and suck it out, had they so inquired. No disciplinary action was ever taken against Defendant Reed for making such inappropriate sexual comments to plaintiff. Instead, Defendant Beverly Stanfill stated that she did not have time to investigate sexual harassment complaints.

43.   Plaintiff was terminated from her employment on November 5, 2012, for exercising her rights to engage in protected activity under Title VII, 42 U.S.C. § 2000e, *et seq.*, in that she reported and complained of sexual harassment. Plaintiff was informed that she was being terminated because she was on a

"witch hunt" to get Kenny Reed fired and because of all her complaints about his sexual harassment behaviors.

44. Additionally, Plaintiff, as of this date, has yet to receive a COBRA notice as described in Count III in retaliation for reporting and complaining about the aforementioned sexual harassment, a protected activity.

45. These adverse employment actions were causally connected to Plaintiff's protected activity, and they were carried out by the owners of Stanfill, Inc., Jerry and Beverly Stanfill who the Plaintiff complained to as well.

46. The Defendants' treatment of Plaintiff following her reports and complaints of sexual harassment were part of a knowing and intentional pattern of retaliation violation of Title VII, 42 U.S.C. § 2000e-3(a).

47. As a direct and proximate result of the retaliation by the Defendants against Plaintiff, Plaintiff has suffered extreme mental anguish, outrage, humiliation, embarrassment, loss of enjoyment of life, loss of earning capacity, loss of benefits, and other damages.

### Count III: Violation of COBRA notice requirement against Stanfill, Inc. for not notifying Plaintiff of her right to elect to continue health care coverage

48. Plaintiff incorporates paragraphs 1 thru 47 as fully set forth herein.

49. This count is an action for damages against Stanfill, Inc. for the failure to timely provide Plaintiff with a COBRA election notice.

50. The benefits package provided by Stanfill, Inc. to its employees, including its

medical insurance plan, constitutes an "employee benefit plan" as defined under Section 102(4) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4).   Plaintiff Judy Payton, as an employee of Stanfill, Inc., was a "participant" and "beneficiary" of said "employee benefits plan" as defined under Sections 102(7) and (8) of ERISA, 29 U.S.C. § 1002(7)-(8).

51.   Stanfill, Inc. was required, under Section 610 of COBRA, 29 U.S.C. § 1161, to notify terminated employees, and their dependants, of their right to elect to continue health care coverage under their existing medical insurance within forty five (45) days of that employee's termination.

52.   Stanfill, Inc. has, to date, failed to provide Plaintiff or her family the required notification of their COBRA rights.

53.   As a result of said failure, Plaintiff is entitled to liquidated damages of up to $110.00 per day, calculated from November 5, 2012, to the date of this filing, in an amount to be determined by the Court.


**Count IV: Supplemental state claim against Stanfill, Inc. for
Sexual Harassment in Violation of the Tennessee Human Rights Act**

54.   Plaintiff incorporates paragraphs 1 thru 53 as fully set forth herein.

55.   This count is an action for damages against Stanfill, Inc. under the Tennessee Human Rights Act (THRA), Tenn. Code Ann. § 4-21-101, *et seq*., for the sexual harassment of Plaintiff, its employee, during the course of her duties by Kenny Reed.

56. Plaintiff was subjected to a pattern of unwanted and unsolicited sexual harassment by Defendant Kenny Reed at Stanfill, Inc.'s Jackson, Tennessee Office which created a hostile work environment.

57. Defendants Stanfill, Inc. is liable for Defendant Reed's acts of sexual harassment because they were aware of the sexual harassment and permitted and condoned a pervasive atmosphere.

58. Defendant Reed sexually harassed Plaintiff in violation of Tenn. Code Ann. § 4-21-401.

59. Defendant Stanfill, Inc. is liable pursuant to Tenn. Code Ann. § 4-21-101, *et seq.*, for the acts of Defendant Reed in sexually harassing Plaintiff, and in failing to take any action to protect Plaintiff after being made aware of Defendant Reed's behavior.

60. As a direct and proximate result of these unlawful actions by the Defendants (namely, subjecting Plaintiff to sexual harassment), Plaintiff has suffered extreme mental anguish, outrage, humiliation, embarrassment, loss of enjoyment of life, loss of earning capacity, loss of benefits, and other damages.

### Count V: Supplemental state claim against Stanfill, Inc. for Retaliatory Discharge under the Tennessee Human Rights Act

61. Plaintiff incorporates paragraphs 1 thru 60 as fully set forth herein.

62. This count is an action for damages against Stanfill, Inc. under the THRA, Tenn. Code Ann. § 4-21-101, *et seq.*, for retaliation against Plaintiff for reporting and complaining to Stanfill, Inc., Jerry Stanfill and Beverly Stanfill about the

- 13 -

unlawful sexual harassment.

63. Plaintiff engaged in a protected activity by reporting and complaining to Stanfill, Inc., Jerry Stanfill, and Beverly Stanfill about unlawful sexual harassment.

64. Plaintiff suffered discriminatory adverse employment actions following the making of the reports and complaints.

65. Plaintiff complained of the unwanted and unsolicited sexual harassment directly to Defendants Jerry Stanfill and Beverly Stanfill during the weeks leading up to her termination.

66. Approximately one week prior to her termination, Plaintiff met with Defendants Jerry and Beverly Stanfill and conveyed to them once again that Defendant Reed had made multiple inappropriate sexual comments to her (Plaintiff); including, "I want to stick a Hall's mentholatum cough drop up your pussy and suck it out." In such meeting, Plaintiff also expressed concerns about Kenny Reed sexually harassing another employee.

67. Plaintiff was terminated from her employment on or about November 5, 2012, for exercising her rights to engage in protected activity under the THRA, Tenn. Code Ann. § 4-21-101, *et seq*., in that she reported and complained of sexual harassment. Plaintiff was informed that she was being terminated because she was on a "witch hunt" to get Kenny Reed fired and because of all her complaints about his sexual harassment behaviors.

68. Additionally, Plaintiff, as of this date, has yet to receive a COBRA notice as described in Count III in retaliation for reporting and complaining about the

aforementioned sexual harassment, a protected activity.

69.   These adverse employment actions were causally connected to Plaintiff's protected activity, and they were carried out by the owners of Stanfill, Inc., Jerry and Beverly Stanfill who the Plaintiff complained to as well.

70.   The Defendants' treatment of Plaintiff following her reports and complaints of sexual harassment were part of a knowing and intentional pattern of retaliation violation of the THRA, Tenn. Code Ann. § 4-21-101, *et seq*.

71.   As a direct and proximate result of the retaliation by the Defendants against Plaintiff, Plaintiff has suffered harm, to include, among other things, emotional distress, humiliation, indignity, depression, anxiety, extreme mental anguish, outrage, humiliation, embarrassment, loss of enjoyment of life, loss of earning capacity, loss of benefits, and other damages.

### Count VI: Supplemental state claim against Kenny Reed and Stanfill, Inc. for Intentional Infliction of Emotional Distress

72.   Plaintiff incorporates paragraphs 1 thru 71 as fully set forth herein.

73.   This count is an action for damages against Defendant Kenny Reed for intentional infliction of emotional distress upon Plaintiff, and against Stanfill, Inc. under the doctrine of *respondeat superior*.

74.   The actions of Defendant Kenny Reed, as described herein, were intentional and were so outrageous that persons in civilized society should not be expected to tolerate them.

75.   As a direct and proximate result of the outrageous behavior of Defendant Kenny

Reed, Plaintiff suffered severe mental and emotional injury.

76.   Defendant Kenny Reed's actions were committed during the course of and within the scope of his employment.  Accordingly, Stanfill, Inc. is liable for Defendant Kenny Reed's actions under the doctrine of *respondeat superior*.

### Count VII: Supplemental state claim against Stanfill, Inc. and Kenny Reed for Negligent Infliction of Emotional Distress

77.    Plaintiff incorporates paragraphs 1 thru 76 as fully set forth herein.

78.   Defendant Kenny Reed's treatment of Plaintiff as aforesaid, constitutes negligent infliction of emotional distress.

79.   As a direct and proximate result of Defendant Kenny Reed's actions, Plaintiff has suffered and continues to suffer severe emotional and/or mental distress, thereby entitling Plaintiff to relief related thereto as aforesaid.

### Count VIII: Supplemental state claim against Stanfill, Inc. for Negligent Supervision and Retention

80.   Plaintiff incorporates paragraphs 1 thru 79 as fully set forth herein.

81.   Defendants Stanfill, Inc., Jerry Stanfill, and Beverly Stanfill knew or reasonably should have known that Defendant Kenny Reed was engaging in unlawful conduct with Plaintiff and other employees in the workplace.  Defendants Stanfill, Inc. was negligent in allowing Defendant Reed to have unsupervised contact with Plaintiff and other female employees and for continuing to employ Defendant Kenny Reed.

82.   Defendants Stanfill, Inc. is liable to Plaintiff for the negligent supervision and

retention of Defendant Kenny Reed.

83.   As a direct and proximate result of Defendant Stanfill, Inc.'s negligence, Plaintiff

has suffered financially and emotionally, as aforesaid.

**Count IX: Title ADEA claim against Stanfill, Inc. for Age
Discrimination relating to Compensation**

84.   Plaintiff incorporates paragraphs 1 thru 83 as fully set forth herein.

85.   This count is an action for damages against Stanfill, Inc. for compensation

discrimination on the basis of age under the THRA, Tenn. Code Ann. § 4-21-101,

*et seq.*

86.   Plaintiff is a female over the age of forty (40).

87.   A similiarly situated office worker at Stanfill, Inc. under the age of twenty five

(25) was compensated over twice the amount Plaintiff was compensated on a

yearly basis.


WHEREFORE, Plaintiff Judy Payton prays for the following relief:

1.   That a judgment be entered for the Plaintiff and against the Defendants,

jointly and severally, for compensatory damages in an amount of $937,000.00

and punitive damages in an amount of $1,500,000.00, plus reasonable

attorneys' fees;

2.   That an award of liquidated damages of $110.00 per day per beneficiary,

calaculated from November 5, 2012 to the date of this filing be awarded to

Plaintiff;

3. That Defendants Stanfill, Inc., Jerry Stanfill, and Beverly Stanfill be subjected to such remedial measures as this Court deems appropriate in order to ensure compliance with applicable anti-discrimination laws;

4. That this matter be tried before a jury;

5. That all discretionary costs and expenses of this action be taxed to the Defendants; and

6. All other general legal and equitable relief to which the Plaintiff may be entitled.

Respectfully submitted,

s/ Gordon E. Jackson
Gordon E. Jackson (Tenn. BPR #008323)
James L. Holt, Jr. (Tenn. BPR #012123)
Timothy A. Perkins (Tenn. BPR #024657)
JACKSON, SHIELDS, YEISER & HOLT
262 German Oak Drive
Memphis, Tennessee 38018
(901) 754-8001 (Office)
(901) 754-8524 (Fax)
*gjackson@jsyc.com*
*jholt@jsyc.com*
*tperkins@jsyc.com*

Attorneys for the Plaintiff