IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JUDY PAYTON,

    Plaintiff,

v.                                           No. 13-1215

STANFILL, INC., *et al.*,

    Defendants.

___

ORDER DENYING DEFENDANTS' MOTION TO STRIKE
AND GRANTING REQUEST FOR EXTENSION OF REPLY DEADLINE
___

Before the Court is the December 24, 2014 motion of the Defendants, Stanfill, Inc.; Jerry Stanfill and Beverly Stanfill, to strike the response of the Plaintiff, Judy Payton, to their motion for partial summary judgment and for an order staying their reply brief deadline pending the Court's ruling hereon. (D.E. 44.) The bases for the motion are that (1) Plaintiff exceeded the page limit for her additional statement of facts without leave of the Court; (2) she included additional non-responsive facts in response to their statement of facts and cited them in her brief as additional facts; (3) her brief referenced facts not supported by the record or contained within a separate statement of facts; (4) Payton relied on her affidavit that directly contradicted her prior deposition testimony; and (5) her brief contained significant errors with respect to citation to evidence in the record.

On the same day, Plaintiff moved for an order allowing excess pages to her additional facts to remain in her response to the dispositive motion. (D.E. 45.) This motion was granted on December 29, 2014. (D.E. 46.) Thereby, a portion of the objections contained in the Defendants' motion has been remedied.

The Court now turns to the remaining relief sought. Although Defendants did not cite to any

federal procedural rule, motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Rule provides for a "drastic remedy" and such motions are "generally viewed with disfavor and are rarely granted." *Hiles v. Army Review Bd. Agency*, No. 1:12-cv-673, 2014 WL 7005244, at *1 (S.D. Ohio Dec. 10, 2014) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Neither memoranda in support of a response to a motion for summary judgment nor affidavits attached thereto constitute "pleadings" for purposes of Rule 12(f). *Portwood v. Montgomery Cnty., Tenn.*, No. 3:13-cv-0186, 2014 WL 6871516, at *6 (M.D. Tenn. Dec. 5, 2014) (citing *Foshee v. Forethought Fed. Sav. Bank*, No. 09-2674-JPM-dkv, 2010 WL 2158454, at *2 (W.D. Tenn. May 7, 2010)). Even if they did, the movants have identified nothing in the Plaintiff's brief that is "redundant, immaterial, impertinent, or scandalous."

Thus, a motion to strike is not the proper vehicle for the relief sought by the Defendants. If they wish to object to the sufficiency of the evidence proffered by the Plaintiff, her failure to properly cite to the record, or some other failing on her part with respect to her response, they may do so in their reply brief, which is due fourteen days from the entry of this order.

IT IS SO ORDERED this 31st day of December 2014.

                                                  s/ J. DANIEL BREEN
                                                  CHIEF UNITED STATES DISTRICT JUDGE